**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:20-cv-00735 |
| vs. | § § § | |
| SUMMIT CASING SERVICES, LLC., | § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NCS Multistage Inc. ("NCS" or "Plaintiff"), by and through the undersigned counsel, hereby brings its Complaint for Patent Infringement against Defendant Summit Casing Services, LLC ("Summit" or "Defendant").

## NATURE OF THE ACTION

1. This is an action for patent infringement. NCS alleges that Summit infringes the following NCS Patent, which is attached hereto as **Exhibit A**:

- U.S. Patent No. 10,465,445 ("the '445 Patent")

2. NCS alleges that Summit infringes the '445 Patent by making, using, offering for sale, selling, and/or importing the Summit Glass Flotation Sub. NCS seeks damages, injunctive, and other relief for infringement of the '445 Patent.

## THE PARTIES

3. Plaintiff NCS is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1, and with worldwide headquarters at 19350 State Highway 249, Suite 600, Houston, TX 77070.

4.      Upon information and belief, Defendant Summit is a Texas limited liability company with a principal place of business at 6575 Corporation Parkway, Fort Worth, TX 76126. Summit's registered agent for service of process is Andrew M. Eldridge, also at 6575 Corporation Parkway, Fort Worth, TX 76126.

## JURISDICTION AND VENUE

5.      This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.      This Court has general personal jurisdiction over Summit because it is a resident of Texas and has a principal place of business in Texas.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Summit has regular and established places of business in Midland, TX and San Antonio, TX, which are within the jurisdiction of the Western District of Texas, and, upon information and belief, has committed acts of infringement in the Western District of Texas by making, offering for sale, and selling the Summit Glass Floatation Sub in the Western District of Texas. *See* https://summitcasing.com/locations/.

## BACKGROUND

*A. NCS*

8.      NCS is a leading technology and service company that specializes in multistage well completions. NCS initially formed in Canada in 2006 as NCS Oilfield Services and began developing downhole completion tools for conventional and unconventional completions. In 2008, NCS incorporated in the United States and established its world headquarters in Houston,

TX. Today, NCS has 20 offices in the U.S. and Canada, and operates in Argentina, China, Russia, the Middle East and the North Sea, with a record of over 10,000 field successes.

9. NCS is an expert in developing downhole tools like its AirLock® buoyancy system, a "casing float tool" covered by the '445 Patent. NCS marks its AirLock® system with the web address of its patent notice which contains the '445 Patent number. As a casing string is run into the horizontal portion of a wellbore the casing string can drag on the bottom of the wellbore due to its weight and gravity. This makes it challenging to run the casing to the target zone. The AirLock® system is designed to create buoyancy in the casing string, so that the string is lighter and it is easier to run the casing into the wellbore. This is called "floating the casing" into the wellbore. Below is a picture of the patented Airlock® system.



10. The AirLock® system (above in green) is a tubular body attached to the casing string (above in grey). Within the tubular is a rupture disc (above in white). In use, the portion of the casing string above the rupture disc is filled with fluid. The portion of the casing string

3

below the rupture disc is filled with air, which creates buoyancy in the lower portion of the string. This enhanced buoyancy reduces sliding friction up to 50% while the enhanced weight of the vertical section provides the force needed to push the string all the way to the toe of the well. After the casing string is run to the target zone, hydraulic pressure is applied from the surface, which causes the rupture disc to disengage from the tubular walls and shatter. This process restores the internal diameter of the casing string so that fluid can freely flow through the casing string. More than 9,000 AirLock systems have been installed, and casing has landed on more than 99.9% of first attempts.

11. NCS invests substantial resources in innovation and the protection of its valuable intellectual property. To date, NCS has worldwide approximately 51 issued patents, including the '445 Patent that covers its AirLock® System, and 98 pending patent applications.

### B. SUMMIT

12. According to its website, Summit is based in Fort Worth, TX and manufactures and sells casing equipment, including downhole tools such as the Summit Glass Floatation Sub. *See* https://summitcasing.com/about/. Below is an image of the Summit Glass Floatation Sub from Summit's marketing materials:



13. According to Summit's marketing materials (*see* **Exhibit B**), the Summit Glass Floatation Sub is a casing floatation device that creates buoyancy in the casing string that makes it easier to run casing through the horizontal portion of a wellbore. The Summit Glass Floatation

Sub is a tubular member with a glass barrier disc. Once the casing lands in the target zone, the glass barrier disc is ruptured by applying hydraulic pressure from the surface, which restores the internal diameter of the casing string.

### *C. NCS NOTIFIES SUMMIT OF INFRINGEMENT CONCERNS*

14. On June 24, 2020, NCS's Vice President of US Sales contacted Summit's owner to notify Summit of the '445 Patent and NCS's concern that the Summit Glass Floatation Sub infringes the '445 Patent. On July 7, 2020, NCS's counsel sent Summit's owner a copy of the '445 Patent and notified Summit of NCS's concern that the Summit Glass Floatation Sub infringes the '445 Patent.

### **COUNT 1: INFRINGEMENT OF THE '445 PATENT**

15. The allegations of paragraphs 1-14 of this Complaint are incorporated by reference as though fully set forth herein.

16. NCS owns by assignment the entire right, title, and interest in the '445 Patent.

17. The '445 Patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019 and is entitled "Casing Float Tool." A true and correct copy of the '445 Patent is attached hereto as **Exhibit A**.

18. The '445 Patent is valid and enforceable under the laws of the United States.

19. Summit has directly infringed and is directly infringing at least claims 14-15, 22-25 and 27 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, selling, and/or importing in the United States without authority the accused Summit Glass Floatation Sub. For example, as shown in the claim chart attached hereto as **Exhibit C**, the Summit Glass Floatation Sub meets every element of claim 14 either literally or under the doctrine of equivalents.

20. Summit has indirectly infringed and/or is indirectly infringing at least claims 22-25 and 27 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.* With knowledge of the '445 Patent, Summit has induced and/or is inducing customers to directly infringe the '445 Patent by directing, causing, instructing and/or encouraging its customers to use the Summit Glass Floatation Sub to perform the method of claims 22-25 and 27 of the '445 Patent. For example, Summit advertises in its marketing materials (attached as **Exhibit B**) that the Summit Glass Floatation Sub can be installed on casing and run into a well with the casing. A rupture disc in the device creates buoyancy so that the casing can be floated to the target zone. Summit advertises that once its customers run the casing to the target zone, they can apply pressure to rupture the rupture disc in the Summit Glass Floatation Sub, which restores the internal diameter of the casing string.

21. Summit's infringement of the '445 Patent has been and continues to be willful and deliberate. Upon information and belief, Summit has been on notice of its infringement of the '445 Patent since at least June 24, 2020, when NCS notified Summit's President of the infringement, or at least July 7, 2020, when NCS's counsel notified Summit's President of the infringement. However, upon information and belief, Summit continues to use, sell, offer to sell, and import the accused Summit Glass Floatation Sub, despite a known or obvious risk of infringement of the '445 Patent.

22. As a result of Summit's acts of infringement, NCS has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, NCS prays for the following relief:

A. A judgment that Summit has infringed the '445 Patent;

B. An order enjoining Summit, its officers, agents, employees, and those persons in active concert or participation with any of them, and Summit's successors and assigns, from continuing to infringe the '445 Patent;

C. An order awarding Summit its damages pursuant to 35 U.S.C. § 284;

D. An order finding that Summit's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

E. An order finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding NCS its attorneys' fees;

F. An order awarding NCS prejudgment and post-judgment interest on its damages;

G. An order awarding NCS its costs;

H. An order awarding NCS any other and further relief as the Court deems proper.

I.

Dated: August 13, 2020

Respectfully submitted,

 /s/ Domingo M. LLagostera
Domingo M. LLagostera
(*Attorney-in-charge*)
State Bar No. 24070157
Russell T. Wong,
State Bar No. 21884235
**Blank Rome LLP**
717 Texas Avenue, Suite 1400
Houston, TX 77002
Tel.: (713) 632-8682
Fax: (713) 228-6605
DLLagostera@BlankRome.com
rwong@blankrome.com

**Attorneys for Plaintiff NCS Multistage Inc.**